UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    Joseph A. DeFreze,                              Bankruptcy Case No. 17-21054-PRW
                                                                             Chapter 7

                Debtor.

_____

**DECISION AND ORDER
DENYING MOTION SEEKING ENFORCEMENT
OF THE DISCHARGE INJUNCTION AGAINST
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**

PAUL R. WARREN, U.S.B.J.

      Joseph DeFreze was granted a chapter 7 discharge on January 12, 2018. (ECF No. 18). To Mr. DeFreze's apparent surprise, on January 28, 2018, the New York State Department of Taxation and Finance ("NYSDTF") mailed to him a "notice of adjusted assessment." (ECF No. 23, Ex. F). Despite the chapter 7 discharge, NYSDTF demanded that Mr. DeFreze pay $16,970.85 for tax year 2008. (*Id.*). In response, Mr. DeFreze filed a motion seeking a determination that the tax obligation owed to NYSDTF was discharged.[1] NYSDTF countered by arguing that 11 U.S.C. § 523(a)(1)(B)(i) or (ii) operate to make Mr. DeFreze's 2008 New York State taxes nondischargeable.

      Because Mr. DeFreze's New York State Form IT-201 filed in 2008 was not a "return" for bankruptcy purposes and because he filed this bankruptcy case less than 2 years after he late-filed his amended 2008 New York State tax return, the unpaid income taxes due for tax year 2008 were not

---

[1]     The Motion—in addition to being less than a picture of clarity—seeks declaratory relief that must be brought by adversary proceeding. *See* Rule 7001(6) and (9) FRBP. The motion was not properly served on NYSDTF. *See* Rule 7004(6) FRBP. The motion is not supported by a memorandum of law, as is required by the Court. *See In re Encore Prop. Mgmt.*, 585 B.R. 22, 27 n.3 (Bankr. W.D.N.Y. 2018) (Warren, J.). As tempting as it is to simply deny the motion because of its many procedural flaws, NYSDTF is entitled to have the Court make a determination, to end this saga and prevent further litigation. At oral argument, NYSDTF consented to jurisdiction. (ECF No. 34). NYSDTF also moved to have the motion treated as a complaint and the reply treated as an answer. NYSDTF then moved for a judgment on the pleadings, under Rule 12(c) FRCP.

discharged in bankruptcy by operation of 11 U.S.C. § 523(a)(1)(B)(i) or (ii).  Mr. DeFreze's motion is **DENIED** on the merits.

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  This decision constitutes the Court's findings of fact and conclusions of law, to the extent required by Rule 7052 FRBP.

# II.

# ISSUE

Was Mr. DeFreze discharged from his 2008 New York State personal income tax liability, where his original (late-filed and unsigned) 2008 tax return failed to fully report his gross income—not disclosing over $100,000 in gross income—as a result of which Mr. DeFreze was required by New York Tax Law § 659 to file an amended state income tax return to report an after-audit assessment made by the IRS and affirmed by the United States Tax Court, and that amended return (also late-filed) was filed one year and eleven months before Mr. DeFreze filed this chapter 7 case? The plain language of 11 U.S.C. § 523(a)(*), added by BAPCPA to define the term tax "return" for bankruptcy discharge purposes, coupled with the substantial body of circuit court case law interpreting the BAPCPA definition of tax "return" for purposes of dischargeability—or nondischargeability—of taxes under 11 U.S.C. § 523(a)(1)(B), provides the short answer:  No.

## III.

## FACTS

Mr. DeFreze was required to file his 2008 New York State income tax return by April 15, 2009. (ECF No. 30, Affirmation, ¶ 3). He did not mail that return until June 18, 2009, according to the postmark. (*Id.* ¶ 4). The late-filed return was not signed or dated, which defect was corrected by Mr. DeFreze on July 6, 2009. (*Id.* ¶¶ 5-6). As Mr. DeFreze sees things, that's the end of the story for purposes of the two-year reach-back under 11 U.S.C. § 523(a)(1)(B)(ii). (ECF No. 23, ¶¶ 33-37). But there is a little more to the story, of course.

The IRS eventually audited Mr. DeFreze's 2008 federal tax return and discovered that he had underreported his gross income by quite a sizeable amount. (*Id.* ¶ 10). Mr. DeFreze took an appeal of the IRS determination to the United States Tax Court. (*Id.* ¶ 12). On July 14, 2015, the Tax Court entered a Decision and Order finding that Mr. DeFreze had underreported his 2008 gross income by $108,377. (ECF No. 23, ¶ 12 & Ex. C; ECF No. 30, Affirmation, ¶ 7). Under New York law, Mr. DeFreze was required to file an amended state tax return within 90 days of entry of the Tax Court Order. (ECF No. 30, ¶ 34; NY Tax Law § 659). Mr. DeFreze failed to file an amended state tax return with NYSDTF for tax year 2008 within the time required by state law. (ECF No. 30, ¶¶ 34-37).

On October 28, 2015, Mr. DeFreze late-filed his amended 2008 New York State income tax return, reporting—for the first time—his 2008 gross income as determined by the IRS. (*Id.*, Affirmation, ¶ 9). As a result, NYSDTF issued a notice assessing $18,544.60 in additional income taxes for tax year 2008. (*Id.*, Affirmation, ¶¶ 10-12 & Ex. A). One year and eleven months later, on September 30, 2017, Mr. DeFreze filed this chapter 7 case. (ECF No. 1). Puzzlingly—and troublingly—Mr. DeFreze did not mention the 2008 tax obligation on Schedule E/F (or anywhere

3

else in his bankruptcy schedules), although he did schedule a small tax debt owed to NYSDTF for his 2015 state income taxes. (*Id.* at Sch. E/F).

IV.

DISCUSSION

Under 11 U.S.C. § 727(b), a chapter 7 debtor is granted a discharge of all pre-petition debts, except as is otherwise provided under 11 U.S.C. § 523. "While '[t]he principal purpose of the Bankruptcy Code is to grant a fresh start to the honest and unfortunate debtor,' tax obligations are an exception to the fresh-start policy." *In re Berry*, No. 15-41218-CJP, 2016 Bankr. LEXIS 2460, at *6 (Bankr. D. Mass. June 30, 2016) (quoting *Marrama v. Citizens Bank*, 549 U.S. 365, 367 (2007)). Here, the question is whether 11 U.S.C. § 523(a)(1)(B)(ii) establishes an exception to the discharge of Mr. DeFreze's 2008 tax obligation to NYSDTF. It does. A discharge under § 727 of the Code "does not discharge an individual debtor from any debt—for a tax . . . with respect to which a return, or equivalent report or notice, if required—was filed . . . after the date on which such return, report, or notice was last due, under applicable law . . . and after two years before the date of the filing of the petition." 11 U.S.C. § 523(a)(1)(B)(ii).

Pointing to a Supreme Court case from 1934—having nothing to do with bankruptcy law and deciding an issue under a long ago superceded version of the Tax Code—Mr. DeFreze argues that his late-filed, unsigned New York State Form IT-201 (understating his 2008 gross income by more than $108,000) was nonetheless a "return" for purposes of starting the two-year clock running under 11 U.S.C. § 523(a)(1)(B)(ii). (ECF No. 23, ¶¶ 29-34, citing *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172 (1934)). But *Zellerbach* is not the place to look for the definition of tax "return" for purposes of bankruptcy. The Bankruptcy Code, as amended in 2005, provides a statutory definition of tax "return" for purposes of 11 U.S.C. § 523(a)(1): "the term 'return' means a return that satisfies the

4

requirements of applicable nonbankruptcy law (*including applicable filing requirements*)." 11 U.S.C. § 523(a)(*) (emphasis added).

The 2005 amendment to 11 U.S.C. § 523(a)(1)(B), including the addition of the definition of "return" under 11 U.S.C. § 523(a)(1), has received considerable attention in several of the United States circuit courts. While the Second Circuit has not yet addressed the issue, a majority of circuit courts have held that a tax return filed late—even one day late—does not satisfy the definition of "return" under 11 U.S.C. § 523(a)(*). *See In re Fahey*, 779 F.3d 1 (1st Cir. 2015); *In re Mallo*, 774 F.3d 1313 (10th Cir. 2014); *In re McCoy*, 666 F.3d 924 (5th Cir. 2012). NYSDTF urges the Court to adopt the one-day-late rule and, on that basis, find that Mr. DeFreze's late-filed 2008 IT-201 and his late-filed 2015 amended IT-201-X for tax year 2008 are not "returns" for purposes of 11 U.S.C. § 523(a)(1)(B). Mr. DeFreze asks the Court to adopt the Eighth Circuit's approach in *In re Colsen*, 446 F.3d 836 (8th Cir. 2006), and look only at the fact that Mr. DeFreze filed a New York State Form IT-201 for the 2008 tax year, arguing the filing of that document was good enough to start the § 523(a)(1)(B)(ii) clock running—despite the form being late-filed, unsigned, and not reporting over $100,000 in gross income.

While the parties disagree on whether this Court should adopt the "one-day-late rule," both NYSDTF and Mr. DeFreze agree that the pre-BAPCPA "*Beard* test" survived the amendment to 11 U.S.C. § 523(a)(1). *See Beard v. Comm'r*, 82 T.C. 766 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986).[2] Recent circuit court decisions have held that the *Beard* test is alive and well, despite the statutory definition of "return" under 11 U.S.C. § 523(a)(*). *See In re Justice*, 817 F.3d 738, 746 (11th Cir. 2016) ("[W]e have no qualms in adopting this interpretation of 'honest and reasonable' [based upon] case law which in turn adopted the *Beard* test to determine whether a filing constitutes a 'return.'");

---

[2] Under the one-day-late rule, Mr. DeFreze would lose hands-down. His 2008 IT-201 was indisputably late-filed on July 9, 2009, well after the April 15, 2009 due date.

*see also In re Giacchi*, 856 F.3d 244, 247 (3d Cir. 2017) ("We need not reach the question of whether the 'one-day-late rule' is correct. Instead, we join our sister circuits in applying *Beard v. Commissioner of Internal Revenue*, which sets forth 'the requirements of applicable nonbankruptcy law.'"); *In re Ciotti*, 638 F.3d 276, 280 (4th Cir. 2011) (applying the Fourth Circuit's version of *Beard*, which is identical in all substantive respects). This Court agrees with the weight of circuit court precedent that the *Beard* test *continues to help inform the definition of tax "return"* under 11 U.S.C. § 523(a), for purposes of answering the question presented by Mr. DeFreze. The Court will leave, to another day, the question of whether to adopt the one-day-late rule. Under the one-day-late rule, there is not much need for the *Beard* test. *See In re Kline*, 581 B.R. 597 (Bankr. W.D. Ark. 2018).

"Under *Beard*, a document must meet four requirements to be a tax return: (1) it must purport to be a return, (2) it must be executed under penalty of perjury, (3) it must contain sufficient data to allow calculation of tax, and (4) it must represent an honest and reasonable attempt to satisfy the requirements of tax law." *In re Giacchi*, 856 F.3d at 248 (citing *In re Justice*, 817 F.3d at 741; *In re Hindenlang*, 164 F.3d 1029, 1033 (6th Cir. 1999)). As in *Giacchi*, here only the fourth *Beard* factor is at issue: Was Mr. DeFreze's 2008 New York State Form IT-201 an honest and reasonable effort to comply with tax law? If not, the 2008 Form IT-201 was not a "return" for purposes of 11 U.S.C. § 523(a)(1)(B) and the taxes would be nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i).

There is no dispute here that Mr. DeFreze filed the 2008 New York tax return months after its statutory due date, not signed under penalty of perjury, and under-disclosing his gross income by over $100,000. It was only after an audit by the IRS in 2014—culminating in a July 14, 2015 Tax Court determination that Mr. DeFreze had failed to report $108,377 in gross income for 2008—that Mr. DeFreze undertook to file an amended return for tax year 2008 with NYSDTF. (ECF No. 23, ¶¶ 10, 12-16). And, under New York Tax Law § 659, Mr. DeFreze filed his amended return after the

6

statutory deadline. (ECF No. 30, ¶¶ 35-37). But, Mr. DeFreze argues that the Court should disregard the amended return and focus only on the 2008 IT-201, filed in July 2009, for purposes of measuring the two-year nondischargeability period under 11 U.S.C. § 523(a)(1)(B)(ii). (ECF No. 23, ¶¶ 34-37). In other words, Mr. DeFreze argues that as long as he filed the right New York *tax form*, it matters not what information that form contained or, more to the point, what information that form failed to provide. As Mr. DeFreze sees it, as of July 2009, he had filed a "return," so the October 2015 amended return was of no consequence for purposes of the two-year look-back under 11 U.S.C. § 523(a)(1)(B)(ii).

Mr. DeFreze's position has been rejected by the majority of circuit courts. The majority of circuits have held that, in assessing the honesty and reasonableness of the taxpayer's actions under the fourth *Beard* factor, "the relevant time frame is the entire time frame of the taxpayer's action (and inaction), which of course includes the time from the taxpayer's delinquency through the time when the belated return is filed." *In re Justice*, 817 F.3d at 744-45; *see also In re Giacchi*, 856 F.3d at 248 n.17 (collecting supporting authorities). "Forms filed after their due dates and after an IRS assessment rarely, if ever, qualify as an honest or reasonable attempt to satisfy the tax law." *In re Giacchi*, 856 F.3d at 248 (citing *In re Moroney*, 352 F.3d 902, 905-06 (4th Cir. 2003)).

Here, it was not until October 28, 2015 that Mr. DeFreze filed a New York IT-201-X, disclosing for the first time, his true and correct gross income for tax year 2008. (ECF No. 30, Affirmation, ¶ 9). That "amended" IT-201-X, disclosing over $108,000 of previously undisclosed gross income, was filed by Mr. DeFreze only after the IRS had performed an audit and only after the Tax Court had issued a decision for tax year 2008. And, under New York Tax Law § 659, Mr. DeFreze filed that amended IT-201-X beyond the statutorily mandated due date. The report required by New York Tax Law § 659 was neither filed nor given within the time required by New York law. Mr. DeFreze did not make an honest and reasonable effort to satisfy the requirements of New York

7

Tax Law. Under the fourth prong of the *Beard* test, Mr. DeFreze's late-filed 2008 New York State Form IT-201-X was not a "return" for purposes of 11 U.S.C. § 523(a)(1)(B). The taxes due NYSDTF for 2008 are nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i).

Alternatively and additionally, under the facts at hand, the Court finds that 11 U.S.C. § 523(a)(1)(B)(ii) is an impediment to discharge of Mr. DeFreze's 2008 New York State tax debt. Mr. DeFreze's late-filed "amended" New York State Form IT-201-X for tax year 2008 was "a return, *or equivalent report or notice*" required by New York law that was "*filed or given after the due date*" and within two years of the filing of the bankruptcy case. 11 U.S.C. § 523(a)(1)(B)(ii). The late-filing of that required "equivalent report or notice" would also serve as a basis to find that Mr. DeFreze's 2008 tax obligation to NYSDTF was not discharged under 11 U.S.C. § 523(a)(1)(B)(ii), because this bankruptcy case was filed less than two years after the amended return was filed—and only after the IRS had made an assessment and only after the Tax Court had entered its order. And there is more here to convince the Court that Mr. DeFreze did not make an honest and reasonable effort to comply with the tax law, under the fourth prong of the *Beard* test. The original New York State Form IT-201 for tax year 2008 was filed two months late, it was not signed by the taxpayers, and critically, it failed to disclose all of Mr. DeFreze's gross income—omitting mention of over $108,000 in gross income. Those serious shortcomings are compounded by the fact that Mr. DeFreze did not mention those same 2008 New York State personal income taxes in the bankruptcy petition filed with this Court. The Court holds that, by operation of 11 U.S.C. § 523(a)(1)(B)(i) or, alternatively, 11 U.S.C. § 523(a)(1)(B)(ii), Mr. DeFreze's 2008 tax obligation to NYSDTF is nondischargeable in bankruptcy.

As a last-ditch effort, Mr. DeFreze argues that injuries he sustained in a 2005 motorcycle crash were the cause of his forgetting to disclose his correct gross income in 2008. (ECF No. 23, ¶ 5-6, 38). But, Mr. DeFreze admits that he continued to work after recovering from his injuries. He was

8

Case 2-17-21054-PRW, Doc 36, Filed 08/29/18, Entered 08/29/18 09:40:52, Description: Main Document , Page 8 of 9

working during 2008 and continued to do so until he retired. (ECF No. 23, ¶ 7). Mr. DeFreze does not claim that the injuries he sustained in 2005 prevented him from continuing his business affairs. "[A] taxpayer's illness or incapacity generally does not prevent the taxpayer from filing returns where the taxpayer is able to continue his business affairs despite the illness or incapacity." *In re Selbst*, 544 B.R. 289, 296 (Bankr. E.D.N.Y. 2016) (quoting *Hazel v. C.I.R.*, 95 T.C.M. (CCH) 1528 at 3 (T.C. 2008)); *see also In re Giacchi*, 856 F.3d at 249.

V.

**CONCLUSION**

Mr. DeFreze's New York State Form IT-201 for tax year 2008 does not constitute a "return" under either the definition of a "return" under 11 U.S.C. § 523(a)(*) or under the fourth prong of the *Beard* test. The tax debt associated with the 2008 New York State Form IT-201 is not dischargeable under 11 U.S.C. § 523(a)(1)(B)(i) as a result. Alternatively, the equivalent report or notice required to be given under 11 U.S.C. § 523(a)(1)(B) and New York Tax Law § 659 was given or filed late and within two years of the filing of the petition commencing this bankruptcy case. The tax debt associated with the 2008 New York State Form IT-201 is not dischargeable under 11 U.S.C. § 523(a)(1)(B)(ii) as a result.

**IT IS SO ORDERED.**

DATED: August 29, 2018 _____/s/_____
      Rochester, New York HON. PAUL R. WARREN
                                                     United States Bankruptcy Judge